IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| ESSEX HOMES SOUTHEAST, INC., ) | Civil Action No. 0:12-426-CMC |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| COMMUNITYONE BANK, N.A., ) | |
| TULLAMORE HOMEOWNERS' ) | |
| ASSOCIATION, and TRI-MARK ) | |
| GROUP, LLC, ) | |
| ) | |
| Defendants.[1] ) | |
| ) | |

This action arises from the financing and development of the Tullamore Subdivision ("the Subdivision") in York County, South Carolina. Plaintiff Essex Homes Southeast, Inc. ("Essex") alleges that it was brought in to assist in the completion of certain aspects of the Subdivision after the original developer, Tri-Mark Group, LLC ("Tri-Mark") ran into financial difficulties. Essex filed this action in state court naming two Defendants, CommunityOne Bank, N.A., ("Bank") and Tullamore Homeowners Association, Inc. ("the HOA").

Bank removed the matter to this court, relying on 28 U.S.C. § 1332 for the assertion of subject matter jurisdiction. Bank argued that the HOA, a non-diverse entity, had been fraudulently joined and could, therefore, be disregarded in determining whether the parties were fully diverse.

Essex responded by filing an amended complaint (Dkt. No. 9, filed March 9, 2012) and by moving to remand for lack of subject matter jurisdiction (Dkt. No. 14, filed March 16, 2012). Bank,

---

[1] The court uses the caption reflected in Plaintiff's amended complaint. For reasons explained below, the court finds that the amended complaint should not be stricken.

1

in turn, moved to strike the amended complaint. Dkt. No. 17.

Essex argues, first, that the court lacked subject matter jurisdiction at the time of removal because the HOA was not fraudulently joined. In addition, Essex argues that any jurisdictional defect was cured by its subsequent amendment of the complaint, which added claims against the HOA and Tri-Mark (also non-diverse).

For the reasons set forth below, the court concludes that the original complaint failed to allege any claim against the HOA. Removal was, therefore, proper. The court next considers Bank's motion to strike the amended complaint and the impact of the amended complaint. Ultimately, the court finds that the amended complaint should not be stricken even though it destroys diversity. The court, therefore, denies Bank's motion to strike the amended complaint and grants Essex's motion to remand.[2]

## STANDARD

**Removal Standard**. The party removing an action bears the burden of demonstrating that jurisdiction properly rests with the court at the time the petition for removal is filed. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed. *Mulcahey*, 29 F.3d at 151. If federal jurisdiction is doubtful, remand is necessary. *Id.*

To be removable to federal court, a state action must be within the original jurisdiction of the district court. *See* 28 U.S.C. § 1441. District courts have original jurisdiction "where the matter in

---

[2] Various other motions are also pending. Because the court denies the motion to strike and, therefore, grants the motion to remand, it lacks jurisdiction to address any other motion.

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

**Fraudulent Joinder Standard**. When a plaintiff has fraudulently joined a non-diverse defendant, a district court may retain jurisdiction and disregard the non-diverse party. *See Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). To show fraudulent joinder of a party, a removing party "must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transportation, Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). "The party alleging fraudulent joinder bears a heavy burden -- it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley*, 187 F.3d at 424.

The Fourth Circuit has described this standard as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.* (citations omitted). All the plaintiff needs to show is that there is a "glimmer of hope," *Mayes*, 198 F.3d at 466, or a "slight possibility of a right to relief" in state court. *Hartley*, 187 F.3d at 426.

## DISCUSSION

### I. Original Complaint

Under its jurisdictional allegations, the original complaint alleges that the HOA was "named as a party . . . due to a Declaration of Covenants and Restrictions . . . , which purports to assess charges that constitute a continuing lien upon the subject property of this action." Dkt. No. 1-1 ¶ 3. Under the same section, Essex lists a variety of damages sought (all, apparently, from Bank) and also states that it is seeking "recognition and enforcement of an equitable lien in the subject property."

3

*Id.* ¶ 5.

Subsequent allegations suggest that Bank (through Tri-Mark) "induced Essex to enter into and to perform" a Purchase and Sale Agreement ("Agreement") with Tri-Mark. *Id.* ¶ 13. Essex further alleges that, under the Agreement, it was required to (1) purchase 117 lots over a period of time (subject to Tri-Mark fulfilling its own obligations), (2) construct an entry way and model home, and (3) make other improvements to and investments in the Subdivision. *Id.* 17. Ultimately, Tri-Mark was unable to fulfill its obligations, resulting in "unpaid vendors [filing] mechanics' liens and lawsuits that precluded the sale or development of any additional Lots" and leaving Essex in a situation in which it "had to proceed with the construction of houses in order to mitigate its damages even though Bank was intentionally pursing a course of conduct that jeopardized the entire development" and Tri-Mark was unable to "complete [its] Development Obligations." *Id.* at 24.

In contrast to multiple allegations of wrongdoing by Tri-Mark and Bank, the complaint lacks any allegation of wrongdoing by the HOA. Essex argues, nonetheless, that the Seventh Cause of Action is directed, in part, to the HOA because that cause of action seeks recognition of an equitable lien on all unsold lots within the Subdivision. *See* Dkt. No. 1-1 ¶¶ 67-72 (Seventh Cause of Action). There is, however, no allegation which directly affects any lien which the HOA might have on the same lots as the Seventh Cause of Action does not directly seek priority over any HOA lien. Neither is there any allegation which would suggest that the HOA, in fact, holds liens against the same unsold lots (as opposed to having the right to assert a lien under certain unspecified circumstances).

The court, therefore, concludes that there is no possibility that Essex will be able to establish this cause of action against the HOA under the original complaint. It follows that removal was proper.

4

**II.    Amended Complaint**

But for its impact on subject matter jurisdiction, Essex's amended complaint was properly filed as of right. *See* Dkt. No. 14 at 5 (relying on Fed. R. Civ. P. 15(a)(1)(B)). However, as Bank correctly notes, the impact on jurisdiction implicates 28 U.S.C. § 1447(e), which gives the court "authority to reject a post-removal joinder that implicates [the existence of subject matter jurisdiction] even if the joinder was without leave of court." *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999); *see also* Dkt. No. 20 at 3 (discussing *Hendrix Ins. Agency, Inc. v. Continental Cas. Co.,* 2010 WL 4608769 at *3 (D.S.C. Nov. 3, 2010) (quoting *Mayes* and noting that the court "should balance the equities in deciding whether the plaintiff should be permitted to join a non-diverse defendant.")). In deciding whether to allow a post-removal amendment which might defeat jurisdiction, the court considers (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. *Mayes*, 198 F.3d at 461.

The court has reviewed the proposed amended complaint which asserts causes of action against both Tri-Mark and the HOA in light of these four factors and concludes that the amendment should be allowed. As to the first factor, the court will assume that the purpose of the amendment was, at least in part, to defeat federal jurisdiction. The court is not, however, persuaded that this is the sole or even primary purpose of the amendment. This is, in part, because some of the information supporting the claims was not known to Essex until after the original complaint was filed. *See* Dkt. No. 26 at 3 (discussing recent execution of Deed in Lieu of Foreclosure). Moreover, that it may be difficult or even impossible to collect a judgment from Tri-Mark does not mean that

5

claims asserted against Tri-Mark are fraudulent or otherwise asserted for an improper purpose. Nothing precludes a party from pursuing judgment against an apparently judgment-proof entity and there may be a variety of legitimate reasons for doing so. For example, the party seeking the judgment may doubt the defendant's claims that it is judgment proof, believe the judgment might be collected from a third-party, or have valid strategic reasons for including the apparently judgment-proof entity. In the present case, including Tri-Mark may offer certain strategic advantages, particularly if, as suggested by its motion to dismiss, Bank intends to argue that Tri-Mark bears sole responsibility for any alleged wrongs.

Similarly, as to the second factor, the court finds no dilatoriness. First, the amended complaint was filed during the period in which it might normally be filed as of right. In addition, as noted above, Essex only recently became aware of some of the allegations supporting the amended complaint. Finally, the addition of Tri-Mark may have been motivated, in part, by arguments in the Bank's motion to dismiss which was filed shortly after removal. Each of these circumstances suggests that Essex acted promptly in filing the amended complaint.

As to potential injury if the amendment is not allowed, the court finds Essex's arguments persuasive. Most critically, the court is concerned that the matter might proceed without necessary parties or necessitate multiple parallel proceedings in different courts.

The court, therefore, denies Bank's motion to strike the amended complaint and proceeds to consider whether the amended complaint asserts claims which defeat jurisdiction. In this regard, the court finds that one or more of the claims asserted against Tri-Mark are facially valid such that this Defendant has not been fraudulently joined. The court makes no determination as to the viability of any specific cause of action against any Defendant as these are matters which may be raised in

state court on remand and under a different standard of review.

## CONCLUSION

For the reasons set forth above, Bank's motion to strike the amended complaint is denied and Essex's motion to remand based on the lack of diversity under the amended complaint is granted. The matter is, therefore, remanded to the state court from which it was removed. The court declines to award costs as the removal was valid.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 2, 2012